IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DERRICK WILKINS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:20-cv-00312 ) ) JUDGE RICHARDSON |
| CORECIVIC INC., et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff Derrick Wilkins, a *pro se* state inmate, filed a civil rights complaint under 42 U.S.C § 1983 (Doc. No. 6) and an application to proceed in this Court without prepaying fees and costs (Doc. No. 2). The complaint is before the Court for an initial review under the Prison Litigation Reform Act and the *in forma pauperis* ("IFP") statute. For the following reasons, this action must be dismissed as untimely.

### I.  Application to Proceed as a Pauper

The Court may authorize a prisoner to file a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Plaintiff filed an IFP application (Doc. No. 2 at 1–2) and a certified copy of his inmate trust account statement (*id.* at 4–7). It appears that Plaintiff cannot pay the filing fee in advance without undue hardship. His application will therefore be granted, and the $350.00 filing fee will be assessed as directed in the accompanying Order. 28 U.S.C. § 1915(b)(1).

### II.  Initial Review

The Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from an immune defendant. 28 U.S.C. 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1). The Court must also construe *pro se* filings liberally, *Erickson v. Pardus*, 551 U.S.

89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), and accept the factual allegations as true unless they are entirely without credibility. *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

### A. Factual and Procedural Background

Plaintiff, now confined at Hardeman County Correctional Facility, alleges that he was the victim of sexual assault by a correctional officer named Jacinda Sanders at Trousdale Turner Correctional Center in August 2017. (Doc. No. 6 at 1–2.) Plaintiff's allegations describing this incident are detailed and disturbing. (*Id.* at 2, 9–13.) And according to Plaintiff, a Trousdale County grand jury eventually indicted Sanders based on incidents that occurred in August 2017 for "engag[ing] in sexual contact or sexual penetration . . . with a prisoner or inmate" as "a law enforcement officer or correctional employee." (*Id.* at 3, 10.) In addition to Sanders, Plaintiff names as Defendants three prison officials, CoreCivic, and Correct Care Solutions.[1] (*Id.* at 1.)

This is not the first time, however, that Plaintiff has filed a complaint arising from this August 2017 sexual assault. In April 2018, the Court received a complaint from Plaintiff based on this same incident against the same Defendants.[2] *See Wilkins v. Core Civic et al.*, No. 3:18-cv-00410, Doc. No. 1 (M.D. Tenn. Apr. 30, 2018). But on October 12, 2018—prior to screening and service of the complaint—the Court received Plaintiff's Notice of Voluntary Dismissal. *Id.*, Doc. No. 4 (M.D. Tenn. Oct. 12, 2018). Under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil

---

[1] This includes then-warden Russell Washburn; Yolanda Pittman, the Associate Warden of Treatment; Health Services Administrator Cynthia Pratt; CoreCivic, Inc. and CoreCivic of Tennessee LLC, referred to collectively as "CoreCivic," as the private entity contracted to manage Trousdale Turner; and Correct Care Solutions LLC, as the private entity subcontracting with CoreCivic to provide medical services at Trousdale Turner. (Doc. No. 6 at 1, 6–8.)

[2] In addition to the Defendants named in the pending complaint, the April 2018 complaint listed a "Sgt. Pierce" as a Defendant. Case No. 3:18-cv-00410, Doc. No. 1 at 1. But the April 2018 complaint did not include any specific allegations against such an individual.

Procedure, because no opposing party had filed an answer, this notice automatically effectuated closing of the file and dismissal of the case without prejudice. *Id.*, Doc. No. 5 (M.D. Tenn. Oct. 25, 2018).

When the Court acknowledged this dismissal, it also noted that the Notice of Voluntary Dismissal bore Plaintiff's electronic signature, and it came in an envelope with a postmark reflecting that it was not mailed from Plaintiff's place of confinement. *Id.*, Doc. No. 5 at 2. Given these irregularities, the Court informed Plaintiff that he could file a motion to reopen the case "upon a showing that Plaintiff did not agree to its dismissal, if such motion is filed with **thirty (30) days**." *Id.* There is no indication that this Order failed to reach Plaintiff at his place of confinement, and the Court did not receive any filing in Case No. 3:18-cv-00410 for well over thirty days.

Then, on December 16, 2019—over a year later—the Court received a "Motion for Leave to File Amended Complaint or in the Alternative to Reopen the Case."[3] *Id.*, Doc. No. 6 (M.D. Tenn. Dec. 16, 2019). This motion stated that Plaintiff voluntarily dismissed the case due to "lack of access to legal resources at the prison," and offered a proposed amended complaint with "additional factual detail, based on new information, that supports two new claims . . . against the same Defendants relating to [their] failure to protect" Plaintiff. *Id.*, Doc. No. 6 at 2. On February 6, 2020, the Court denied the motion, explaining that Plaintiff must file a new action to proceed with his claims because his prior Notice of Voluntary Dismissal closed the case file subject only to a showing that the dismissal was not, in fact, voluntary. *Id.*, Doc. No. 8 at 2 (citations omitted).

---

[3] This motion was signed in Plaintiff's name and filed on his behalf by Kevin L. Brown, an un-incarcerated individual in Baxter, Tennessee. Case No. 3:18-cv-0041, Doc. No. 6 at 6; Doc. No. 6-2. Mr. Brown did not claim to be an attorney, but the motion was accompanied by a document titled "Tennessee Limited Power of Attorney," purporting to temporarily authorize Mr. Brown to represent Plaintiff in civil litigation. *Id.*, Doc. No. 7. But as the Court explained at the time, "[a] power of attorney does not authorize a non-lawyer to prosecute a case in federal court on behalf of another person." *Id.*, Doc. No. 8 at 2 (quoting *Falkner v. Water Grove Invs., LLC*, No. 11-3130-STA-tmp, 2012 WL 259943, at *2 (W.D. Tenn. Jan. 27, 2012)).

3

On April 9, 2020, the Court received the unsigned complaint initiating this case. (Doc. No. 1.) In typed script on the blank signature page, this complaint is dated February 22, 2020. (*Id.* at 31.) The Court explained that, because Plaintiff is not represented by an attorney, he must personally sign every pleading submitted to the Court. (Doc. No. 5.) To that end, the Court instructed Plaintiff to return a signed copy of the complaint. (*Id.*) The Court received Plaintiff's signed complaint (styled, "Amended Complaint") on April 24, 2020, with the same typed date on the signature page.[4] (Doc. No. 6.)

    **B.**    **Legal Standard**

To determine whether a complaint "fails to state a claim on which relief may be granted" under the applicable statutes, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

---

[4] Curiously, after the Court received the signed complaint, the Court received a letter from Plaintiff stating his belief that this case was "about to be dismissed" for failure to comply with the Court's instruction to return a signed complaint. (Doc. No. 7.) This letter was signed by Plaintiff (*id.* at 1) and arrived in an envelope reflecting that it was mailed from Plaintiff's place of incarceration (*id.* at 13–14). But this envelope also included documentation reflecting the involvement of Kevin L. Brown (*id.* at 4–5)—the same individual who fruitlessly attempted to represent Plaintiff through a power of attorney in his previous case.

### C. Analysis

Plaintiff brings this action under 42 U.S.C. § 1983. He is asserting claims arising out of the same conduct alleged in the April 2018 complaint in Case No. 3:18-cv-00410. As explained below, although dismissal of this previous case was without prejudice, Plaintiff's attempt to commence a new action based on the same cause of action is untimely under Tennessee's savings statute.

"The statute of limitations applicable to a § 1983 action is the state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007) (citing *Kuhnle Bros., Inc. v. Cnty. of Geauga*, 103 F.3d 516, 519 (6th Cir. 1997)). In Tennessee, the statute of limitations for Section 1983 claims is one year. *Jordan v. Blount Cnty.*, 885 F.3d 413, 415 (6th Cir. 2018) (citing Tenn. Code Ann. § 28-3-104(a)). Tennessee also has a savings statute that allows a plaintiff one year to refile a case after a non-merits dismissal. *Clark v. Hoops, LP*, 709 F. Supp. 2d 657, 669 (W.D. Tenn. 2010) (quoting Tenn. Code Ann. § 28-1-105(a)). The relevant language of the savings statute provides as follows:

> If [an] action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, . . . the plaintiff . . . may . . . commence a new action within one (1) year after the reversal or arrest.

Tenn. Code. Ann. § 28-1-105(a).

"Tennessee courts have held that the [savings] statute is applicable only 'when the original complaint and the new complaint allege substantially the same cause of action, which includes identity of the parties.'" *Scott v. Mem'l Health Care Sys., Inc.*, 660 F. App'x 366, 371 (6th Cir. 2016) (quoting *Foster v. St. Joseph Hosp.*, 158 S.W.3d 418, 422 (Tenn. Ct. App. 2004)). The two complaints need not "'be identical,'" but "any new claim in a second complaint" must "'ar[i]se

5

out of the same conduct, transaction, or occurrence alleged in the original action.'" *Id.* (quoting *Foster*, 158 S.W.3d at 371).

Here, the April 2018 complaint in Case No. 3:18-cv-00410 timely asserted claims arising from the alleged August 2017 sexual assault at Trousdale Turner. And Plaintiff voluntarily dismissed this previous case without prejudice on October 12, 2018.[5] Accordingly, under Tennessee's savings statute, Plaintiff had one year from that date (as opposed to one year from August 2017 under Tennessee's statute of limitations for personal injury actions) to file a new case alleging substantially the same cause of action. Instead, non-attorney Kevin Brown attempted to reopen the previous case and file an amended complaint on Plaintiff's behalf about fourteen months later, on December 16, 2019. Because Plaintiff did not sign the proposed amended complaint, the Court does not consider it to be a valid filing. But even if it had been properly signed by Plaintiff himself, this proposed amended complaint still would have been untimely by two months.

As to this case, both the original unsigned complaint and the subsequent signed complaint allege substantially the same cause of action against the same Defendants as the April 2018 complaint. By any measure, the earliest possible filing date for this new case is February 22, 2020—the typed date on the signature page. Even relying on this early date, however, Plaintiff filed this new case about sixteen months after voluntarily dismissing the previous case. Accordingly, this case is untimely under the savings statute as well.

---

[5] This is the date the Court received Plaintiff's Notice of Voluntary Dismissal. Because Plaintiff is a prisoner, the Court would ordinarily consider this notice filed on the date Plaintiff gave it to prison officials for mailing. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). But this notice was not mailed from Plaintiff's place of incarceration, and it is strangely dated the day *after* the Court received it. Case No. 3:18-cv-00410, Doc. No. 4 at 2. Thus, the Court has no basis to deem the notice filed on a date prior to the date the Court received it.

The Court recognizes that there were irregularities with Plaintiff's Notice of Voluntary Dismissal in the previous case. But the Court gave Plaintiff a clear opportunity to demonstrate that this notice was not filed voluntarily, and there has been no such indication in the record of either case. Moreover, the Court takes Plaintiff's allegations very seriously and does not lightly dispose of them without reaching the merits. But in actions brought under Section 1983, such as this one, the Court must apply the statute of limitations of the state in which the claim arises. Here, Tennessee's savings statute gave Plaintiff a set period of time to re-file his cause of action arising from the August 2017 sexual assault at Trousdale Turner after voluntarily dismissing the previous case in October 2018. That period lasts one year, and no longer. Plaintiff simply did not act to refile his case during the statutorily allotted window of time. Accordingly, this action must be dismissed as untimely.

### III. Conclusion

For these reasons, the Court will dismiss this action with prejudice and certify that any appeal in this matter would not be "taken in good faith." 28 U.S.C. § 1915(a)(3). The Court, therefore, will not grant Plaintiff leave to proceed as a pauper on any appeal.

An appropriate Order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE